```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GUSTAVIA HOME, LLC,

                              Plaintiff,         REPORT AND
        -against-                                RECOMMENDATION

MIGUEL ALVAREZ and JOHN DOE "1"                  16-CV-6633 (DRH) (SIL)
through "12", said persons or parties
having or claimed to have, title or interest
in the mortgaged premises herein, their
respective named are presently unknown
to Plaintiff,

                              Defendants.
-------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this mortgage foreclosure action, on referral from the Honorable Dennis J. Hurley for Report and Recommendation, is Plaintiff Gustavia Home, LLC's ("Gustavia Home" or "Plaintiff") motion: (i) to confirm the Referee's Report of Sale of a foreclosed residential property located at 9 Dourland Road, Medford, New York 11763 (the "Subject Property"); (ii) to determine the fair and reasonable market value of the Subject Property as of the date of sale; and (iii) for leave to enter a deficiency judgment against Defendant Miguel Alvarez ("Alvarez" or "Defendant"). *See* Docket Entry ("DE") [29]. For the reasons set forth below, the Court respectfully recommends denying Plaintiff's motion in its entirety.

**I.    Background**

On or about June 30, 2005, Alvarez executed and delivered a note (the "Note") to Long Beach Mortgage Company ("Long Beach") in the principal amount of

$57,140.00 in connection with the Subject Property.  *See* Complaint ("Compl."), DE [1], ¶ 14; Ex. B, the Note.  To secure payment of the principal sum, Defendant executed and delivered to Long Beach, a mortgage lien on the Subject Property (the "Mortgage").  *See id.* ¶ 15.  On April 7, 2006, the Mortgage was recorded in the Nassau County Clerk's Office in Liber 30324 at Page 129.  *See id.* ¶ 17; Ex. C, the Mortgage.  As of the filing of the Complaint, Plaintiff was in physical possession and was the owner and holder of the Note and Mortgage.  *See id.* ¶ 18.

Pursuant to the Note, Alvarez was obligated to make monthly principal and interest payments no later than the first day of each month.  *See* Note § 3.  If Defendant failed to pay any full monthly payment on the date it was due, he would be in default.  *See id.* § 4(B).  If Alvarez did not cure the default after receiving proper notice, both the Note and the Mortgage allowed Gustavia Home to accelerate the loan and demand immediate payment in full of all outstanding principal and interest.  *See id.* § 4(C); Mortgage § 20; Compl. ¶ 24.  Failure to make such payment thereafter entitled Plaintiff to bring a lawsuit to extinguish Defendant's interest and sell the Subject Property.  *See* Mortgage § 20.

Consistent with these terms, Gustavia Home alleges that Alvarez failed to make the required monthly payment due on December 1, 2010, as well as all monthly payments thereafter. *See* Compl. ¶ 24.  On March 31, 2016, Plaintiff sent Defendant a Notice of Default and a ninety-day pre-foreclosure notice as required by N.Y. Real Prop. Acts. ("RPAPL") § 1304.  *See* Compl. ¶¶ 25-26.  Gustavia Home accelerated the loan and demanded immediate payment of $55,875.00 for all outstanding principal,

2

interest, fees, costs, and disbursements.  *See id*. ¶ 24.  On January 13, 2016, Plaintiff filed its ninety-day pre-foreclosure notice with the New York State Department of Financial Services.  *See id*. ¶ 21, Exs. F, G.

Based on the foregoing, Gustavia Home commenced this action on November 30, 2016, seeking, among other things, to foreclose on the Mortgage encumbering the Subject Property.  *See* DE [1].  After Alvarez failed to answer or otherwise respond, the Clerk of the Court noted his default on January 20, 2017, *see* DE [16], and Plaintiff subsequently moved for a default judgment.  *See* DE [17].  On July 12, 2017, upon this Court's recommendation, DE [20], Judge Hurley entered a default judgment against Defendant, awarding Plaintiff $91,666.25 in damages, together with *per diem* pre-judgment interest of $15.07 per day from June 3, 2017 through the date judgment was entered and post-judgment interest pursuant to 28 U.S.C. § 1961(a).  *See* DE [24].  Judge Hurley simultaneously executed a Judgment of Foreclosure of Sale (the "JFS"), *inter alia*, memorializing the damages and authorizing the sale of the Subject Property at public auction under the direction of referee Kevin G. Snover, Esq. ("Referee" or "Snover").  *See* DE [25].  The JFS entitled Plaintiff to seek a deficiency judgment pursuant to RPAPL § 1371 if the proceeds of the sale were insufficient to pay the amount of the judgment.  *See* JFS at 4.

On March 5, 2018, after nearly seven months without any activity in this action, Judge Hurley directed Plaintiff to file a status report on or before March 27, 2018.  *See* March 5, 2018 Status Report Order.  On March 20, 2018, Gustavia Home filed Snover's Referee's Report of Sale (the "Report of Sale").  *See* DE [27].  Pursuant

3

to the Report of Sale, Snover sold the Subject Property at public auction back to Gustavia Home for $1,000 on September 21, 2017, and subsequently delivered the deed to Plaintiff.  *See id.*; *see also* Declaration of Alan Weinreb, Esq. in Support of an Order Confirming the Referee's Report of Sale and for Deficiency Judgment ("Weinreb Decl."), DE [29-1], ¶ 4.  After the sale, the outstanding balance, including costs and fees owed under the JFS, was $96,523.96.[1]  *See* Report of Sale, Schedule B; *see also* Weinreb Decl. ¶ 8.  On June 22, 2018, Plaintiff filed the instant motion, seeking, *inter alia*, an Order confirming the Report of Sale and a deficiency judgment pursuant to the JFS and RPAPL § 1371.  *See* DE [29].  Judge Hurley referred the motion to this Court for Report and Recommendation on November 8, 2018.  *See* November 8, 2018 Order Referring Motions.  Alvarez did not oppose the motion.

On July 17, 2018, Defendant moved by Order to Show Cause for, *inter alia*, a Temporary Restraining Order enjoining Plaintiff from enforcing the sale of the Subject Property and staying any eviction of Alvarez.  *See* DE [32].  Judge Hurley declined to sign the Order to Show Cause and denied Defendant's request for a Temporary Restraining Order.  *See* July 17, 2018 Order and Minute Entry.

**II.    Discussion**

Under New York law, a referee's report of sale must be filed "[w]ithin thirty days after completing the sale and executing the property conveyance to the purchaser, unless such time be extended by the court within said thirty days."

---

[1] This sum is reached through the following calculation: $91,666.25 (amount due under the JFS), plus $2,607.11 (pre-judgment interest), plus $1,604.60 (post-judgment interest through the date of sale), plus $500 (Referee's fees), plus $1,146 (advertising fees), minus $1,000 (purchase price).

4

RPAPL § 1355(1).  A sale is deemed completed once "the deed [is] delivered to the purchaser." *Reconstruction Fin. Corp. v. Finch*, 8 A.D.2d 869, 869, 186 N.Y.S.2d 956, 957 (1959).  "Moreover, where, as here, a deficiency judgment is sought, the motion to confirm the sale must be made within 90 days after consummation of the sale by delivery of the deed." *E. Sav. Bank, FSB v. Lutchmidat*, No. 11-cv-2571 L, 2015 WL 1038966, at *3 (E.D.N.Y. Mar. 10, 2015) (citing RPAPL § 1371(2)); *see also* RPAPL § 1371(3) ("If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of the amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist").

> [C]ourts have uniformly treated the 90-day period … as a provision in the nature of a statute of limitations, so that the plaintiff's failure to serve notice within the 90-day period is a complete bar to the entry of a deficiency judgment, and the proceeds of the sale will be deemed to be in full satisfaction of the mortgage debt.

*Arbor Nat. Commercial Mortg., LLC v. Carmans Plaza, LLC*, 305 A.D.2d 622, 622, 759 N.Y.S.2d 683, 684 (2003) (internal citations omitted); *see also In re Bagen*, 185 B.R. 691, 697 (Bankr. S.D.N.Y. 1995) ("A Mortgagee … must move for leave to enter a deficiency judgment within ninety days of the foreclosure sale…. if a deficiency motion is not made within the ninety day period, [the right to such judgment is terminated].") (citing RPAPL §§ 1371(2), (3)); *see also Lutchmidat*, 2015 WL 1038966, at *3 (further recovery is barred if the motion for a deficiency judgment is not brought in the ninety-day period).

Here, the Court concludes that neither the Report of Sale nor the instant motion for a deficiency judgment were timely filed. The Report of Sale states that the Subject Property was sold on September 21, 2017, and that the deed was delivered "subsequent to said sale." *See* Report of Sale ¶¶ 1, 4. The Report of Sale, however, was not filed with the Court until March 20, 2018, approximately six months after the sale. *See* DE [27]. Although the Report of Sale itself is dated March 14, 2018, there is no indication that the transaction was not consummated on the date of sale, and no deed was submitted with Plaintiff's supporting papers. Indeed, the fact that the Subject Property was sold directly back to Gustavia Home would obviate the need for any delay in transferring the deed. *See* Plaintiff's March 27, 2018 Status Report, DE [28] ("The foreclosure sale was conducted … on September 21, 2017. As there were no bidders present at the auction, the property reverted back to the Plaintiff"). In addition, the suspicious lack of filing of the Report of Sale until Judge Hurley ordered Plaintiff to file a status report after the case sat dormant for nearly seven months implies that Plaintiff neglected to diligently seek relief. *See* March 5, 2018 Status Report Order. Moreover, the instant motion was not filed until June 22, 2018, nine months after the September 21, 2017 sale date and 100 days after the March 14, 2018 date on the Report of Sale. Thus, the motion is untimely under any set of facts, as it was not filed within the ninety-day statutory window. Because both the Report of Sale and motion for a deficiency judgment were untimely filed, the Court concludes

6

that Gustavia Home is not entitled to an Order confirming the Report of Sale or a deficiency judgment.[2]

## III. Conclusion

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion be denied in its entirety and that the Mortgage on the Subject Property be deemed satisfied.

## IV. Objections

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of this Report and Recommendation on Defendant by overnight mail and file proof of service by ECF within three (3) days of its issuance. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         February 4, 2019          /s/ Steven I. Locke
                                   STEVEN I. LOCKE
                                   United States Magistrate Judge

---

[2] In light of this recommendation, the Court need not determine the fair and reasonable market value of the Subject Property at the time of sale.